NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

SEP 12 2024

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

|  |  |
|---|---|
| DANIEL COHEN, | No. 22-15671 |
| Petitioner-Appellant, | D.C. No. 4:19-cv-01980-JST |
| v. | |
| JAMES HILL, Warden, | MEMORANDUM* |
| Respondent-Appellee. | |

Appeal from the United States District Court
for the Northern District of California
Jon S. Tigar, District Judge, Presiding

Argued and Submitted August 23, 2024
San Francisco, California

Before: BERZON, BRESS, and VANDYKE, Circuit Judges.

Daniel Cohen appeals the district court's denial of his petition for habeas relief

under 28 U.S.C. § 2254. We review the denial of a § 2254 petition de novo. *Bolin*

*v. Davis*, 13 F.4th 797, 804 (9th Cir. 2021). Cohen's petition is governed by the

Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). Because the

California Court of Appeals and California Supreme Court summarily denied review

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

of Cohen's request for state post-conviction relief, under AEDPA we "must determine what arguments or theories . . . could have supported[ ] the state court's decision" and "ask whether it is possible fairminded jurists could disagree that those arguments or theories are inconsistent with the holding in a prior decision of [the Supreme] Court." *Harrington v. Richter*, 562 U.S. 86, 102 (2011). Under AEDPA, we may not grant relief under § 2254 unless the state court's decision denying relief would have been "objectively unreasonable." *Bell v. Cone*, 535 U.S. 685, 699 (2002). We assume the parties' familiarity with the facts. We have jurisdiction under 28 U.S.C. §§ 1291 and 2253(a), and we affirm.

1. The state court's denial of relief was not contrary to or an unreasonable application of clearly established Supreme Court precedent under 28 U.S.C. § 2254(d)(1). To establish ineffective assistance of counsel, Cohen must demonstrate deficient performance and prejudice. *See Strickland v. Washington*, 466 U.S. 668, 687 (1984).

Cohen argues that his trial counsel was ineffective for failing to investigate and present a defense based on Cohen's poor mental health. We conclude, however, that it would not have been objectively unreasonable for the state post-conviction court to find a lack of *Strickland* prejudice when Cohen submitted medical records without any accompanying declaration from an expert, his trial counsel, or himself. Without adequate context to explain the medical records, which provide limited

2

insight into Cohen's state of mind at the time of the murder, the state court could have reasonably concluded that Cohen did not demonstrate how additional investigation and presentation of a mental health defense by his trial counsel would have affected the outcome of the trial. That is especially so given the substantial evidence of Cohen's intent to kill and premeditation. The state court could have reasonably concluded that the records Cohen provided, standing alone, did not controvert that evidence.

Nor was the state court's denial of post-conviction expert funds contrary to or an unreasonable application of Supreme Court precedent. Cohen identifies no clearly established federal law requiring the provision of a mental health expert in state post-conviction proceedings. *Cf. Ake v. Oklahoma*, 470 U.S. 68, 83 (1985) (establishing a right to a mental health expert only at trial).

2. The state court's denial of relief was also not based on an unreasonable determination of the facts. Under 28 U.S.C. § 2254(d)(2), "a petitioner may challenge the fact-finding process itself on the ground that it was deficient in some material way." *Hibbler v. Benedetti*, 693 F.3d 1140, 1146 (9th Cir. 2012). Section 2254(d)(2) precludes relief in this context unless we are "satisfied that *any* appellate court to whom the defect is pointed out would be unreasonable in holding that the state court's fact-finding process was adequate." *Gulbrandson v. Ryan*, 738 F.3d 976, 987 (9th Cir. 2013) (quoting *Taylor v. Maddox*, 366 F.3d 992, 1000 (9th Cir.

2004)). Cohen fails to show a material deficiency in the state court's fact-finding process.

*First*, to the extent Cohen claims the state post-conviction court's fact-finding process was unreasonable because he was not provided a state-funded expert, that argument fails. There is no clearly established right to such an expert in state post-conviction proceedings, as we explained above.

*Second*, Cohen cannot show that the state court was unreasonable in failing to conduct an evidentiary hearing. Given that Cohen provided medical records without any explanatory expert declaration or an executed declaration from trial counsel, and in light of the strong evidence of premeditation, the state court's denial of an evidentiary hearing was not unreasonable.

3. We reject Cohen's argument that the district court should have granted an evidentiary hearing, approved funds for an expert, and appointed counsel. *See Jurado v. Davis*, 12 F.4th 1084, 1101–02 (9th Cir. 2021) ("If a claim has been adjudicated on the merits in state court, a federal habeas petitioner seeking discovery or an evidentiary hearing must first overcome the relitigation bar of § 2254(d)(1) and (d)(2) based solely on the record that was before the state post-conviction court."). Nor does Cohen meet the standard for an evidentiary hearing under 28 U.S.C. § 2254(e)(2). Finally, given that Cohen did not plausibly show how he could prevail under AEDPA, the district court did not abuse its discretion in declining to appoint

4

counsel. *See Duckett v. Godinez*, 67 F.3d 734, 750 n.8 (9th Cir. 1995). Nor can we discern any prejudice when Cohen was ably represented by counsel on appeal.

**AFFIRMED.**